12724.   Hirshburg *v.* Bradley, executor, for use, etc.

Luke, J.  The petition in this case was not subject to the demurrer urged.  The demurrer, "speaking," disclosed a state of facts which, if true, perhaps would have been a defense to the action of the plaintiff, but the petition attacked by the demurrer did not disclose these facts.  Admitting the allegations of the petition as amended to be true (which must be done when passing upon the demurrer), it was not error to overrule the demurrer.
          *Judgment affirmed.  Broyles, C. J., and Bloodworth, J., concur.*
                    Decided December 13, 1921.

Complaint; from city court of Carrollton — Judge Hood. June 17, 1921.

J. T. Bradley, for the use of J. L. Thomasson, sued LeRoy Hirshburg and J. J. Thomasson jointly on certain promissory notes, which (as appeared from an exhibit added by amendment) were payable to the order of J. T. Bradley, were signed, "J. L. Thomasson, J. J. Thomasson" (the name of J. J. Thomasson being signed under that of J. L. Thomasson), and were indorsed "LeRoy Hirshburg, Carrollton, Ga., Jan. 7th, 1918." "For value received, without recourse, I hereby transfer and assign the within note to J. L. Thomasson.  J. T. Bradley."  The notes were dated October 15, 1917.  Hirshburg demurred on the ground that no cause of action is set out, "as said petition, as amended by attaching copies of the notes upon which said suit is based, shows that this defendant was only an indorser on said notes, and that J. L. Thomasson and J. J. Thomasson were the makers and principal obligors in said notes; and that said notes have been paid off and discharged by said J. L. Thomasson, one of the makers and principal obligors in said notes, and that said notes

are fully paid off and discharged, and thereby this defendant not liable further on said notes." The demurrer was amended as follows: "Defendant further demurs and says, as it appears J. L. Thomasson was principal and J. J. Thomasson his security, and for said reason it should be dismissed." J. T. Bradley having died after the filing of the suit, his executor was made plaintiff in his stead, and the demurrer was amended "by alleging the papers on their face show no rights in J. T. Bradley or his executor." The demurrer was overruled, the trial of the case resulted in a verdict against Hirshburg, and he excepted.

*John C. Butt, S. Holderness,* for plaintiff in error.
*Boykin & Boykin,* contra.